**Ruth Wilson HURLEY, Appellant,**

v.

**Donald T. HARTLEY, District Director of Internal Revenue, Appellee.**

**No. 8821.**

United States Court of Appeals Tenth Circuit.

June 13, 1967.

G. Stanley Crout, Santa Fe, N. M. (Harry L. Bigbee and Harl D. Byrd, Santa Fe, N. M., on the brief), for appellant.

Crombie J. D. Garrett, Dept. of Justice, Washington, D. C. (Mitchell Rogo-

vin, Asst. Atty. Gen., Lee A. Jackson and Benjamin M. Parker, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before MURRAH, Chief Judge, HICKEY, Circuit Judge, and CHRISTENSEN, District Judge.

HICKEY, Circuit Judge.

Ruth Wilson Hurley, a widow, brought a civil action to recover a federal estate tax paid under protest on the estate of General Patrick J. Hurley, her deceased husband. From a judgment in favor of the District Director of Internal Revenue, the widow has appealed.

The uncontroverted material facts are as follows: Prior to the death of the General on July 30, 1963, he and his wife were residents of and domiciled in Santa Fe, New Mexico. They owned community property governed by the New Mexico community property law and valued at $1,921,558.01. On October 21, 1960, they filed an acknowledgment that all property which they owned was community property. Simultaneously, they made and executed individual wills which would take effect only on the death of the survivor of them. In the wills they reaffirmed the community property status of all their property. The will of the General, he having predeceased his wife, did not become operative and he died intestate.

The District Director of Internal Revenue made an assessment on the General's estate in the amount of $238,236.33 for federal estate taxes. The assessment was computed on one-half the adjusted value of the entire community property which the Director claimed represented the General's interest at the time of his death. Appellant widow paid the tax under protest and filed a claim for refund.

The only question presented is a question of law: Whether under § 2033 [1] of

---

1. 26 U.S.C. § 2033 provides: "The value of the gross estate shall include the value of all property to the extent of the inter- est therein of the decedent at the time of his death." "This section, except for minor clerical changes, corresponds to

the Internal Revenue Code of 1954 one half of the community property is includable in General Hurley's gross estate for federal estate tax purposes.

Both parties agree that state law defines the nature of the interest held by General Hurley at the time of his death and appellant directs our attention to § 29–1–9, New Mexico Statutes 1953, as amended.[2] It is contended that by virtue of § 29–1–9 the entire community property of the General and his wife belonged to the surviving wife without administration and, therefore, no transfer or taxable incident occurred under the estate tax provisions of the Code.

The resolution of this controversy is made more difficult because in 1942 Congress amended the estate and gift tax laws to provide special rules for community property,[3] and then repealed the same sections in the Revenue Act of 1948.[4]

section 811(a) of the 1939 Code. No substantive change has been made." H. Rep.No.1337, 83rd Cong., 2nd Sess. (1954), 3 U.S.Code Cong. and Adm.News 4025, 4456.

2. § 29–1–9 N.M.Stat.1953 provides: "Upon the death of the husband, the entire community property goes to the surviving wife, subject to the husband's power of testamentary disposition over one-half [½] of the community property. In the case of the dissolution of the community by the death of the husband the entire community property is subject to the community debts, the husband's debts, funeral expenses of the husband, the family allowance and the charge and expenses of administration."

3. Int.Rev.Code of 1942, § 402 (26 U.S.C. Int.Rev.Acts § 402) provided: "Section 811(d) (relating to revocable transfers) is amended by adding at the end thereof the following new paragraph: '(5) Transfers of community property in contemplation of death, etc. For the purposes of this subsection and subsection (c), a transfer of property held as community property by the decedent and surviving spouse under the law of any State, Territory, or possession of the United States, or any foreign country, shall be considered to have been made by the decedent, except such part thereof as may be shown to have been received as compensation for personal services actually rendered

Appellant concedes that under the repealed provisions of the 1942 act, the interest of decedent would have been taxable, but asserts that under the present law no tax can be imposed. We examine the legislative history of the repeal to see what the Congress intended:

"Your committee does not believe that a satisfactory solution to the problem of a geographical equalization or the difficulties of tracing can be found under the 1942 amendments or amendments using a similar theoretical approach. Hence the repeal of these amendments is recommended, effective with respect to gifts made after the date of enactment of this bill and with respect to the estates of decedents dying after the date of such enactment. *Your committee would be unwilling, however, merely to repeal the 1942 amendments.* Repeal alone would reproduce the pre-1942 results which are

by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse.'
* * *
Section 811(e) (relating to joint interests) is amended as follows: (1) By striking out '(e) Joint Interests,' and inserting in lieu thereof '(e) Joint and community interests' '(1) Joint interests.' (2) By inserting at the end thereof the following new paragraph: '(2) Community interests. To the extent of the interest therein held as community property by the decedent and surviving spouse under the law of any State, Territory, or possession of the United States, or any foreign country, except such part thereof as may be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse. In no case shall such interest included in the gross estate of the decedent be less than the value of such part of the community property as was subject to the decedent's power of testamentary disposition.' "

4. "Generally, this restores the rule by which estate and gift-tax liabilities are dependent upon the ownership of property under State law." S.Rep.No.1013, 80th Cong., 2nd Sess. (1948), 2 U.S.Code Cong.Ser. 1163, 1167.

even further from equalization than existing law." S.Rep.No. 1013, 80th Cong., 2nd Sess., March 16, 1948 (2 U.S.Code Cong.Ser. 1163, 1189). [Emphasis supplied.]

Thus, it is evident that mere repeal was not the goal of Congress. It sought by the repeal to ensure equality of treatment between community property states and non-community property states.

Appellant believes, however, that the intent of the repeal was to exclude community property from the taxable estate. In this regard she contends that what this court said in Hernandez v. Becker, 10 Cir., 54 F.2d 542 (1931) concerning New Mexico's community property laws is controlling. In that case, § 29–1–8[5] was being construed, not § 29–1–9, and the differences then noted by Judge Phillips still remain:

"Here the interest of the wife in the community estate does not come within the purview of any specific provision of the statute, and no estate passed or was transferred upon the wife's death. On the contrary her interest in the community estate upon her death ceased and terminated, and the whole of the community estate, by virtue of the statute and the conveyance or transfer of the property to the community, belonged to, rather than passed to the husband. * * *
On the death of the husband, leaving the wife surviving, the whole community estate is subject to administration, to the payment of charges against his estate and the expenses of its administration, and one half passes to the wife and the other half according to the husband's will or the statute of descent. * * *

Therefore, on the death of the husband it is transferred within the meaning of section 401 * * *." Ibid., at 549.

5. § 29–1–8, N.M.Stat.1953, provides: "Upon the death of the wife, the entire community property, without administration, belongs to the surviving husband, except such portion thereof as may have been set apart to her by a judicial decree, for her

Section 29–1–9, as amended, unlike § 29–1–8, provides that the husband retains until his death the power of testamentary disposition over one-half of the community property; provides for the dissolution of the community at the husband's death and obligates the property for debts, expenses and administration of his estate. "In New Mexico, if the husband dies first, one-half of the community property is included in his estate, but if the wife should predecease the husband, her interest ceases and no part of the property is taxable as part of her estate." 34 Am.Jur.2d ¶ 8615.

Affirmed.

support and maintenance, which portion is subject to her testamentary disposition, and in the absence of such disposition, goes to her descendants, or heirs, exclusive of her husband."